UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Ashland)

| | | |
|---|---|---|
| TYSHAWN SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0: 22-82-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| CHAPLAIN MALCOM, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Tyshawn Simmons has filed a civil rights complaint asserting claims against a federal official pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [Record No. 1] The Court screens Simmons' complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

When testing the sufficiency of a *pro se* plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing the legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). However, a district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Simmons indicates that he practices the Islam religion, a faith "which requires [he and other like believers] to pray in congregation." [Record No. 1 at 3]   He states that prison

-1-

officials told him that group prayer is not possible because of social distancing required by COVID-19 guidelines. Simmons disputes this, contending that "Chaplin (*sic*) Malcom failed to do his job as Chaplin (*sic*) which is protect the religious rights of inmates." *Id*. Thus, he asserts that Malcom violated his rights under the First Amendment. Simmons seeks $5 million in damages as relief because ". . . me not being able to practice properly it hindered my growth in the religion and caused mental anguish." [Record No. 1 at 5, 9]

The Court has reviewed the complaint and the materials filed in support and concludes that it must be dismissed. In *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), the United States Supreme Court made clear that the implied damages remedy found in *Bivens* is narrow and generally limited to those contexts where the Supreme Court has already permitted relief. *See Id*. at 1857 ("the Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity."). The Supreme Court recently re-emphasized that a court should not imply a cause of action under *Bivens* if "there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022). Thus, there is a "firm presumption" against extending the *Bivens* remedy to any new context. *Callahan v. Fed. Bureau of Prisons*, 965 F.3d 520, 523 (6th Cir. 2020).

The Supreme Court has only allowed *Bivens* claims to proceed in three scenarios: (1) a Fourth Amendment claim against a federal narcotics agent for an illegal seizure; (2) a Fifth Amendment claim against a member of Congress for sex discrimination; and (3) an Eighth Amendment claim against prison officials for inadequate medical care. *See Egbert*, 142 S. Ct. at 1802-03. For its part, the Supreme Court has "never held that *Bivens* extends to First Amendment claims."). *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012). Therefore, the free exercise claim which Simmons wishes to pursue clearly presents a "new context" requiring

extension of the *Bivens* remedy.  *Cf. Muhammad v. Ramirez*, No. CV 0:17-2639-TMC-PJG, 2019 WL 7882144, at *4-5 (D.S.C. Sept. 30, 2019), *report and recommendation adopted*, No. 0:17-CV-02639-TMC, 2020 WL 241004 (D.S.C. Jan. 16, 2020) (Muslim inmate's First Amendment free exercise claim based upon BOP's refusal to permit purchase of prayer oil for Ramadan presented new context for *Bivens* claim).

The Court must then ask whether "special factors counsel hesitation in the absence of affirmative action by Congress." *Ziglar*, 137 S.Ct. at 1857 (cleaned up).  The question is "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id*. at 1857-58. The answer to that question is almost always "no."  *See Elhady v. Unidentified CBP Agents*, 18 F.4th 880, 883 (6th Cir. 2021), *reh'g denied,* No. 20-1339, 2022 WL 326693 (6th Cir. Jan. 25, 2022); *Ziglar*, 137 S. Ct. at 1857 ("When an issue involves a host of considerations that must be weighed and appraised, it should be committed to those who write the laws rather than those who interpret them.") (cleaned up).

There are many reasons for declining to allow a *Bivens* remedy in the present context. Many years ago, Congress expressly provided a damages remedy for those persons whose constitutional rights had been violated by *state* officials.  *See* 42 U.S.C. § 1983.  But in the decades since, it has not provided similar relief for claims against *federal* officials.  Instead, Congress has taken steps to *curtail* rather than expand prisoner litigation, such as through the enactment of the Prison Litigation Reform Act.  *See Ziglar*, 137 S. Ct. at 1865.  That is not to say that federal inmates are without a remedy for their claims.  The Bureau of Prisons' inmate grievance program provides a ready and viable mechanism to challenge staff misconduct.  *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (noting that the BOP's inmate grievance

program "provides yet another means through which allegedly unconstitutional actions and policies can be brought to the attention of the BOP and prevented from recurring").  Courts have held that the BOP's inmate grievance program provides a viable alternative remedy, thus counseling against inferring a *Bivens* remedy.  *Callahan*, 965 F.3d at 524.

Applying these principles, federal courts have repeatedly found that a damages remedy under *Bivens* should not be implied for an asserted violation of a prisoner's free exercise rights under the First Amendment.  *See Harris v. FBOP*, No. 19-3585, 2020 WL 7586968, at *2 (6th Cir. Sept. 22, 2020); *see also Drew v. Vanord*, No. 19-CV-00285-JPG, 2019 WL 2422248, at *1-2 (S.D. Ill. June 10, 2019) (applying *Ziglar* to dismiss a *Bivens* claim asserted by Muslim prisoner based upon limitations imposed by BOP on location and frequency of prayer); *Hardy v. Bureau of Prisons*, No. CV 18-794 (DSD/BRT), 2019 WL 3085963, at *3 (D. Minn. June 10, 2019), *report and recommendation adopted*, No. CV 18-794 (DSD/BRT), 2019 WL 3080916 (D. Minn. July 15, 2019) (applying *Ziglar* to dismiss a *Bivens* claim asserted by prisoner when prison officials failed to fully accommodate observance of Muslim holiday).

In summary, under applicable precedent, *Bivens* does not apply to Simmons' claims.  Therefore, his complaint will be dismissed.  Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.      Simmons' complaint [Record No. 1] is **DISMISSED** with prejudice.

2.      This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated: October 18, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky